UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTA SWEET, | Case No. 25-13613 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Elizabeth A. Stafford |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**ORDER ON OBJECTIONS (ECF No. 6) TO REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS (ECF No. 5)**

**I.   PROCEDURAL HISTORY**

Plaintiff filed an application to proceed in forma pauperis in this social security proceeding on November 13, 2025.  (ECF No. 2).  This matter was referred to Magistrate Judge Elizabeth A. Stafford on December 3, 2025.  (ECF No. 4).  On December 4, 2025, Judge Stafford issued a report and recommendation to deny the application to proceed in forma pauperis.  (ECF No. 5).   Judge Stafford concluded that Plaintiff's IFP application showed that her assets well exceeded the $350 filing fee.  More specifically, while noting that her monthly income was eroded by her monthly expenses, Judge Stafford also found that Plaintiff has significant financial assets in that she has $9,300.00 in her bank account, a $221,000 401K account, $29,600 in stock, and she owns her home and leases a

1

vehicle. *Id*. Plaintiff objects to Judge Stafford's report and recommendation (ECF No. 6), asserting that it incorrectly considered her non-liquid assets, misapplies the "necessities of life" standard, and improperly considered her home ownership and transportation. (ECF No. 6).

## II. LEGAL STANDARD

A party may object to a magistrate judge's report and recommendation and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

2

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

## III. ANALYSIS

Pursuant to 28 U.S.C. § 1915(a)(1), the court "may authorize the commencement, prosecution, or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." *Hines v. Comm'r of Soc. Sec. Admin.*, 2017 WL 6047651, at *2 (N.D. Ohio Dec. 7, 2017). Moreover, "pauper status does not require absolute

destitution." *Id.* (quoting *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001)). Rather, "the question is whether the court costs can be paid without undue hardship." *Id.* (quoting *Foster*, at 240). It is within the Court's discretion whether to allow a litigant to proceed IFP. *Id.* (citing *Foster*, at 240).

Plaintiff argues, essentially, that the Magistrate Judge should have only considered her limited monthly income and monthly expenses, which slightly exceed her monthly income. Under the statute and relevant case law, it is proper, however, to consider all of Plaintiff's assets. "In determining eligibility to proceed IFP, courts have considered an IFP applicant's monthly income in conjunction with her other financial resources such as the resources of a spouse, interests in real estate, and automobiles." *Hines*, at *2 (citing *Ciavarella v. Comm'r of Soc. Sec.*, 2013 WL 5354091, at *1 (N.D. Ohio Sept. 24, 2013). Indeed, IFP applications have been denied where an applicant's assets exceed the cost of filing the complaint. *Hines*, at *2 (citing *Ciavarella*, 2013 WL 5354091, at *2 (citing cases and denying IFP application where plaintiff reported over $32,000 in bank and retirement accounts as well as real estate worth $166,000); *Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at * 1 (N.D. Ohio July 15, 2014) (citing cases and denying IFP application where plaintiff reported joint spousal income of $4,381.34 a month,

4

$1, 285 in bank accounts as well as real estate and automobiles worth over $132,000)).  Thus, it was entirely proper for the Magistrate Judge to consider all of Plaintiff's assets.

Further, while much of Plaintiff's arguments focus on her non-liquid assets, such as her home and her 401K account, she fails to recognize the significance of having $9,300 in cash in a bank account, which can easily be accessed to pay the filing fee.  Far less in liquid assets has been found sufficient to pay the filing fee and deny IFP status.  See e.g., Hines, at *2 ("At a balance of $451.92, Plaintiff's savings and checking accounts contain enough money to pay the filing fee.") (citing Brown v. Dinwiddie, 280 F. App'x 713, 715-16 (10th Cir. 2008) (denying IFP application where plaintiff has $850 in savings account and could thus afford the $455 filing fee for his appeal).

Accordingly, the Objections to the Report and Recommendation are **OVERRULED**.  Plaintiff has 30 days to pay the filing fee.  If Plaintiff does not pay the filing fee, the action will be dismissed without prejudice.

    **SO ORDERED**.

Date: January 7, 2026                             <u>s/F. Kay Behm</u>
                                                      F. Kay Behm
                                                      United States District Judge